IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CARREKER CORPORATION** | § | |
| | § | |
| VS. | § | Civil Action No. 4:06cv175 |
| | § | (Judge Schell/Judge Bush) |
| **JACK CANNON, CAST** | § | |
| **MANAGEMENT CONSULTANTS, INC.** | § | |
| **and JACK LEACH** | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Carreker Corporation ("Carreker") has filed suit against Jack Leach ("Leach") and others "to prevent the actual and probable disclosure and misappropriation of numerous trade secrets associated with the Revenue Enhancement consulting practice ("RevE") and the wrongful diversion of its clients and employees to Cast Management Consultants, Inc. ("Cast")," a defendant in this case. Leach, now a resident of North Carolina, signed an employment agreement with Carreker in April 2000. The agreement binds him not to disclose trade secret information or solicit Carreker employees for a given period of time. The agreement was signed when Leach resided in Texas. For the most part, Carreker's complaints concerning Leach occurred after Leach had relocated to North Carolina and taken a job with Cast. Carreker argues that Leach has violated the terms of his various contractual agreements.[1]

Leach has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2). (Docket No. 2). Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the

---

[1] The parties to the agreements are Leach and Carreker-Antinori. Leach does not raise any issues as to the standing of Carreker Corporation to bring this suit.

court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. *Id.* This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.* The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id*. In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Comman-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). The prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

Carreker states that the Court need not wade through the parties' respective positions since Leach has consented to jurisdiction in Dallas, Texas. The Senior Staff Confidentiality and Intellectual Property Ownership Agreement provides in part "to the maximum extent practicable, jurisdiction and venue in any dispute relating to the subject matter hereof will be in Dallas, Texas."

(Ex. E).  The Employee Non Competition Agreement contains the same language. (Ex. D).[2]  If such is the case, the Court questions why Carreker filed suit in Collin County and now wants this Court to exercise jurisdiction over a case that should, according to Carreker, be resolved in Dallas County, presumably the United States District Court for the Northern District of Texas.

Unlike subject matter jurisdiction, personal jurisdiction is a waivable right.  *Burger King v. Rudzewicz*, 471 U.S. 473, n.14 (1985); *Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App.–Houston [1st Dist.] 2005, no pet.).  If a party signs a contract containing a forum selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum.  *Burger King*, 471 U.S. at 473 n. 14. Where such provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust, their enforcement does not offend due process."  *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).  The party opposing enforcement of a forum-selection clause carries a "heavy burden" of showing the clause should not be enforced.  *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 793; *Tri-State*, 184 S.W.3d at 248.  A party carries this burden by showing (1) the clause was the product of fraud or overreaching, (2) the agreed forum is so inconvenient that it deprives the litigant of his day in court, or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought.  *Id*. at 249, (*citing Bremen*, 407 U.S. 1, 15 (1972) and *Abacon Techn. Servs. Ltd. v. Global Marine Int'l Servs. Corp.*, 994 S.W.2d 839, 844 (Tex. App.–Houston [1st Dist.] 1999, no pet.)).

The Court finds that the Fifth Circuit decision in *Kevlin Services, Inc. v. Lexington State*

---

[2] Jack Cannon also signed agreements but none appear to have the consent to jurisdiction clause noted in Leach's agreements.

*Bank*, 46 F.3d 13 (5th Cir. 1995), is dispositive of the jurisdictional issue. There is no ambiguity in the interpretation of the language of the choice of forum provision. The parties agree that Texas law applies and that jurisdiction and venue lie in Dallas, Texas. It is certainly feasible that Leach could be expected to be haled into court over some dispute arising out of his employment. He has made no allegation that the enforcement of the provision is unreasonable.

However, since Carreker insists that the contractual provision should be enforced, it should honor its own agreement. The proper forum is in the Northern District of Texas. Under 28 U.S.C. § 1404 (a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). The primary factor in analyzing the convenience factor for the parties is that Leach and Carreker agreed that jurisdiction should be in Dallas, Texas. Although Leach now resides out of state, the Northern District is a more convenient forum given its close proximity to metropolitan Dallas versus traveling some 70 miles to Sherman from the airport in frequently congested traffic conditions. The Plaintiff's business address is 4055 Valley View Lane in Dallas, Dallas County, Texas. The same considerations apply to Cannon in that the maintenance of the suit in the Northern District would be more convenient to the parties and witnesses, particularly in light of the forum selection clause as to Leach.[3]

As to Leach, the only agreement that would appear to be operative is Exhibit E. And as to that agreement, the only section which is still operative under a literal reading of the agreement is

---

[3] All parties stipulate that Cannon was a citizen of Kansas for diversity purposes at the time suit was filed and at the time the suit was removed, thereby establishing diversity.

Article 2.1.2. The court finds that absent Mr. Leach's consent to jurisdiction, his Motion to Dismiss should be granted. However, he consented to jurisdiction in this State. The subject matter expressed in Exhibit E relates to the instant lawsuit which is a dispute as noted in Exhibit E. As stated, Carreker should not be allowed to enforce a part of the agreement while ignoring the remainder of the clause. Leach only agreed to jurisdiction and venue in Dallas, Texas, nowhere else. Accordingly, the case is transferred to the Northern District of Texas where it should have been filed in the first place.

## **RECOMMENDATION**

Based upon the foregoing, the Court recommends Defendant Leach's Motion to Dismiss for Lack of Personal Jurisdiction should be DENIED. The Court *sua sponte* transfers the entire case to the United States District Court for the Northern District of Texas.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)©

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of February, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE